1   PERRIE M. WEINER (SBN 134146)
    perrie.weiner@dlapiper.com
2   EDWARD D. TOTINO (SBN 169237)
    edward.totino@dlapiper.com
3   GRANT P. ALEXANDER (SBN 228446)
    grant.alexander@dlapiper.com
4   MONICA N. DOURNAEE (SBN 268109)
    monica.dournaee@dlapiper.com
5   **DLA PIPER LLP (US)**
    2000 Avenue of the Stars, Suite 400, North Tower
6   Los Angeles, CA  90067-6023
    Telephone:  310.595.3000
7   Facsimile:  310.595.3300

8   Attorneys for Defendant
    U.S. BANK NATIONAL ASSOCATION

9

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14   ROBERT BOHLKE, individually and      CASE NO.
     on behalf of all others similarly
15   situated,                            **DEFENDANT'S NOTICE OF**
                                          **REMOVAL OF ACTION**
16                   Plaintiff,           **(28 U.S.C. § 1332(d), 1441, 1446, and**
                                          **1453)**
17        v.

18   U.S. BANK, N.A., AND DOES 1-100,

19                   Defendants.

20

21

22

23

24

25

26

27

28

U.S. BANK NATIONAL ASSOCIATION'S NOTICE OF REMOVAL OF ACTION

WEST\239313933.1

FILED
CLERK, U.S. DISTRICT COURT

OCT 29 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

CV 12-9247

1 TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFFS:

2      PLEASE TAKE NOTICE that Defendant U.S. Bank National Association

3 ("Defendant") hereby removes to this Court pursuant to 28 U.S.C. §§ 1332(d),

4 1441, and 1446, as amended in relevant part by the Class Action Fairness Act of

5 2005 ("CAFA"), this action, which was originally filed in the Superior Court of

6 California in the County of Ventura and assigned Case No. 56-2012-00421222-CL-

7 NP-VTA. The grounds for this removal are set forth herein.

8 **I.    INTRODUCTION.**

9      On or about July 23, 2012, Plaintiff Robert Bohlke ("Plaintiff") commenced

10 an individual action in the Superior Court of the State of California for the County

11 of Ventura, entitled *Robert Bohlke v. U.S. Bank, N.A.*, as Case No. 56-2012-

12 00421222-CL-NP-VTA, for violation of California's Rosenthal Fair Debt

13 Collection Practices Act, California Civil Code sections 1692b through 1692j. A

14 copy of the Complaint is attached hereto as Exhibit "A." On or about October 9,

15 2012, Plaintiff served on Defendant a First Amended Complaint ("FAC") alleging

16 on behalf of a putative class a cause of action for unlawful recording of telephone

17 calls in violation of California Penal Code § 632, and seeking statutory damages of

18 $5,000 "per violation" under California Penal Code § 637.2 (hereafter, the "State

19 Court Action"). A copy of the FAC is attached hereto as Exhibit "B." This was the

20 first complaint served on defendant in the action that asserted as class action. The

21 original complaint included only an individual claim.

22 **II.    THIS COURT HAS JURISDICTION UNDER CAFA.**

23      Defendant removes the State Court Action pursuant to CAFA, codified under

24 28 U.S.C. § 1332(d). CAFA provides this Court with original jurisdiction of this

25 action and permits Defendant to remove the State Court Action from the California

26 state court to this Court.

27

28

1  CAFA vests district courts with original jurisdiction over class actions when
2  the aggregate amount in controversy for all putative class members exceeds $5
3  million (exclusive of interest and costs) and when any member of the putative class
4  of plaintiffs is a citizen of a state different from any defendant.  28 U.S.C.
5  § 1332(d)(2).  These requirements are satisfied in this action, as set forth below.

6  Neither the permissive nor mandatory provisions of CAFA for declining
7  original jurisdiction are applicable to this action.  Accordingly, as discussed further
8  below, federal jurisdiction is mandatory under CAFA.

9  **A.   Class Action.**

10  The State Court Action is a class action as defined by CAFA.  CAFA
11  provides:

> [T]he term "class action" means any civil action filed
> under rule 23 of the Federal Rules of Civil Procedure or
> similar State statute or rule of judicial procedure
> authorizing an action to be brought by 1 or more
> representative persons as a class action.

16  28 U.S.C. § 1332(d)(1)(B).

17  Plaintiff amended his complaint in the State Court Action to include a
18  putative class action on behalf of himself and a proposed class of plaintiffs, under
19  California Code of Civil Procedure section 382.  (*See* Exhibit B, ¶¶ 22-32.)

20  The California rule governing the maintenance of class actions, California
21  Code of Civil Procedure section 382, is analogous to Federal Rule of Civil
22  Procedure 23.

23  The State Court Action therefore falls within the definition of a "class action"
24  under CAFA.

25  **B.   Removal Under CAFA.**

26  CAFA provides that a class action against a non-governmental entity may be
27  removed if: (1) the number of proposed class members is not less than 100; (2) any

28

1    member of the proposed plaintiff class is a citizen of a state different from any

2    defendant; and (3) the aggregate amount in controversy exceeds $5 million,

3    excluding interests and costs.  28 U.S.C. § 1332(d), (d)(5), and § 1453(b).

### 1.    Plaintiff's Proposed Class.

5        Plaintiff purports to represent a class of California individuals whose

6    "telephone conversations with Defendant were recorded without their consent."

7    (*See* Exhibit B, ¶ 22.)  As set forth in the Complaint, Plaintiff alleges that he is

8    informed and believes that the class "includes thousands of members."  (Exhibit B,

9    ¶ 25.)  Therefore, CAFA's minimum putative class size of 100 members is

10    satisfied.

### 2.    Diversity of Citizenship Under CAFA.

12        Defendant is a national banking association organized and operating under

13    the National Bank Act, pursuant to 12 U.S.C. §§ 21 *et seq.*  (Declaration of Laura

14    Bednarski ("Bednarski Decl"), ¶ 2.)  Defendant's charter states that its main office

15    is located in Cincinnati, Ohio.  (Bednarski Decl., ¶ 2, Ex. A.)  Therefore,

16    Defendant is a citizen of Ohio.  *See, e.g., Wachovia Bank, N.A. v. Schmidt*, 546 U.S.

17    303, 307 (2006 ("a national bank. . . is a citizen of the State in which its main

18    office, as set forth in its articles of association, is located.")

19        Plaintiff resides in California.  (Exhibit B, ¶ 5).  Therefore, Plaintiff is a

20    citizen of the State of California.  28 U.S.C. § 1332(a).  Also, the putative class is

21    made up of persons in California.  (Exhibit B, ¶ 22.)

22        Because at least one member of the proposed class of plaintiffs is a citizen of

23    a state different from Defendant, within the meaning of 28 U.S.C. § 1332(d)(2)(A),

24    CAFA's diversity of citizenship requirement is satisfied.

25        The diversity that exists in this action not only satisfies the minimal diversity

26    of citizenship requirement under CAFA, but also precludes the applicability of

exceptions in 28 U.S.C. § 1332(d)(3) and (d)(4) because Defendant is not a citizen of the forum state of California.

### 3.     Amount in Controversy.

CAFA's third requirement—that the aggregate amount in controversy, exclusive of interest and costs, exceed $5 million—is also satisfied here.  28 U.S.C. § 1332(d)(2).

As to damages, Plaintiffs seek to recover "the greater of statutory damages of $5,000 per violation or three times actual damage per violation" (Exhibit B, Prayer, ¶ 2.)  California Penal Code § 637.2 states, in relevant part, that "[a]ny person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts: (1) Five thousand dollars ($5,000)...."  Therefore, the damages that Plaintiff seeks for each member of the putative class for each telephone call recorded during the putative class period referenced in the Complaint is at least $5,000.[1]

As set forth the Complaint, the putative class consists of "thousands" of members.  (See Exhibit B, ¶ 25.)  Because there are alleged to be "thousands" telephone calls recorded during the alleged class period, and Plaintiff seeks to recover at least $5,000 per call, the amount in controversy in this action exceeds $5 million.  Therefore, CAFA's requirement that the aggregate amount in controversy exceed $5 million is met here.

## III.    28 U.S.C. § 1446 REQUIREMENTS.

### A.     This Notice of Removal Is Timely Filed.

Defendant was served with the FAC and supporting documents on October 9, 2012.  This notice of removal is timely pursuant to 28 U.S.C. sections 1446(b) and

---

[1]     Defendant does not admit that the Complaint states a claim upon which relief may be granted, or that Plaintiff or any putative class member is entitled to $5,000 per violation, much less any damages or any other relief sought in the Complaint. Nor does Defendant admit that a class can be certified here.

1453(b), because it is filed within thirty (30) days after Defendant was served. A copy of the Amended Summons is attached hereto as Exhibit "C." A copy of the Proof of Service of Summons filed with the Court is attached hereto as Exhibit "D."

**B.    Procedural Requirements.**

Section 1446(a) requires a removing party to provide this Court a copy of all "process, pleadings and orders" served on it in the State Court Action. The FAC, Amended Summons, and Proof of Service of Summons are attached as Exhibits "B," "C," and "D" respectively. The Complaint, Civil Case Cover Sheet, Summons, Proof of Service of Summons, and Notice of Case Assignment are attached as Exhibits "A," "E," "F," "G," and "H" respectively. Also attached hereto as Exhibit "I" is the Notice of Case Management Conference.

Exhibits A through I constitute all of the pleadings, process, and orders in the State Court Action.

Pursuant to 28 U.S.C. section 1446(d), Defendant is filing a copy of the Notice of Removal with the Clerk of the Alameda County Superior Court and serving Plaintiffs with same. A copy of the Notice to the Superior Court (which is being served on Plaintiffs) is attached hereto as Exhibit "J".

WHEREFORE, Defendant respectfully submits that (1) CAFA applies to this action because the proposed class contains at least 100 members, (2) at least one member of the proposed class is a citizen of a state different than a Defendant's state of citizenship, (3) the aggregate amount in controversy exceeds $5 million, and (4) the procedural requirements under 28 U.S.C. § 1446 are met. For these reasons, this action is properly removed to this Court.

1    Dated:  October 29, 2012              DLA PIPER LLP (US)

2

3                                         By: _____

4                                         PERRIE M. WEINER
                                          EDWARD D. TOTINO
                                          GRANT P. ALEXANDER
5                                         MONICA N. DOURNAEE
                                          Attorneys for Defendant
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Suren N. Weerasuriya (278512)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
Attorney for Plaintiff

VENTURA
SUPERIOR COURT
**FILED**

JUL 2 3 2012

MICHAEL D. PLANET
Executive Officer and Clerk

BY: _____ ; Deputy

**M. Ochoa**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF VENTURA
## LIMITED JURISDICTION

|  |  |
|---|---|
| ROBERT BOHLKE,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANK, N.A.,<br><br>Defendant. | ) Case No: 56-2012-00421222-CL-NP-VTA<br>)<br>) **COMPLAINT FOR VIOLATION**<br>) **OF ROSENTHAL FAIR DEBT**<br>) **COLLECTION PRACTICES ACT**<br>)<br>) **(Amount not to exceed $10,000)**<br>)<br>)  1.  Violation of Rosenthal Fair Debt<br>)       Collection Practices Act<br>)<br>) |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2.      Plaintiff, ROBERT BOHLKE ("Plaintiff"), is a natural person residing in Ventura county in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.      At all relevant times herein, Defendant, U.S. BANK, N.A., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.      On or about April 23, 2012, Defendant called Plaintiff and asked to speak to his wife, Tiffany Bohlke. In response, Plaintiff reminded Defendant that he had previously requested Defendant to cease all communications with him; Plaintiff made this request in the week prior to the aforementioned call. In response to Plaintiff's comments, the individual calling on behalf of Defendant began arguing with Plaintiff, so Plaintiff again asked her to stop calling him in the future and ended the call.

6.      Plaintiff is informed and believes Defendant called him from (877)838-5347, at approximately 6:05 p.m.

Complaint - 2

7.      §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

8.      Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

a)  Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

b)  Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

c)  Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

d)  Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

e)  Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

f)  Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

g)  Collecting an amount from Plaintiff that is not permitted by law (§1692f(1));

h)  Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and

where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§1692c(a)(2).

9.     As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

<u>**COUNT I: VIOLATION OF ROSENTHAL**</u>
<u>**FAIR DEBT COLLECTION PRACTICES ACT**</u>

10.     Plaintiff reincorporates by reference all of the preceding paragraphs.

11.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.     Actual damages;
B.     Statutory damages for willful and negligent violations;
C.     Costs and reasonable attorney's fees; and
D.     For such other and further relief as may be just and proper.

<u>**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**</u>

Respectfully submitted this July 19, 2012.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 4

<u>Exhibit A, Page 10</u>

# EXHIBIT "B"

1  Todd M. Friedman (SBN 216752)
2  Nicholas J. Bontrager (SBN 252114)
   Law Offices of Todd M. Friedman, P.C.
3  369 S. Doheny Dr. #415
   Beverly Hills, CA 90211
4  Phone: 877-206-4741
   Fax: 866-633-0228
5

6  Abbas Kazerounian, Esq. (SBN 249203)
   ak@kazlg.com
7  KAZEROUNI LAW GROUP, APC
   2700 N. Main Street, Ste. 1000
8  Santa Ana, California 92705
   Telephone: (800)400-6808
9  Facsimile: (800)520-5523

10

11 Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
12 HYDE & SWIGART
   411 Camino Del Rio South, Suite 301
13 San Diego, CA 92108-3551
   Telephone: (619) 233-7770
14 Facsimile: (619) 297-1022

15

16 *Attorneys for Plaintiff and all others similarly situated*

17         SUPERIOR COURT OF THE STATE OF CALIFORNIA
18              FOR THE COUNTY OF VENTURA
                 UNLIMITED JURISDICTION            **BY FAX**

19

20 ROBERT BOHLKE, individually and on     ) Case No. 56-2012-00421222-CL-NP-VTA
   behalf of all others similarly situated )
21                                         )  **CLASS ACTION**
   Plaintiff,                              )
22                                         )  **FIRST AMENDED COMPLAINT FOR**
                                           )  **VIOLATIONS OF:**
23         vs.                             )
                                           )
24 U.S. BANK, N.A., AND DOES 1-100.        )  (1)   California Penal Code § 632 [Class
                                           )  Claim]
25 Defendant.                              )  (2)   Rosenthal Fair Debt Collection
                                           )  Practices Act [Individual Claim]
26                                         )
27                                         )  **DEMAND FOR JURY TRIAL**
                                           )
28                                         )

                    First Amended Complaint - 1



Plaintiff Robert Bohlke ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.      This is a class action brought on behalf of all individuals in California (or alternatively, the United States) whose telephone conversations with Defendant U.S. Bank, N.A. ("Defendant" or "Bank") were recorded by Bank without their knowledge or consent. This Complaint also contains one cause of action for damages brought by Plaintiff as an individual for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION & VENUE

2.      This Court has personal jurisdiction over Defendant. Bank has conducted business within the State of California, has purposely availed itself of the benefits and protections of the State of California, and/or has sufficient contact with this State such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice.

3.      At the time of the violations, Plaintiff was a resident of Canyon Country, California.

4.      Venue is proper here, because Plaintiff resided in and received the calls in Ventura County.

## PARTIES

5.      Plaintiff, Robert Bohlke ("Plaintiff"), is a natural person residing in Ventura County in the state of California.

First Amended Complaint - 2

6.     At all relevant times herein, Bank was a company engaged, by use of the mails and telephone, in the business of collecting a debt which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined RFDCPA, Cal Civ Code §1788.2(c).

7.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

9.     Defendant is a leading national bank/lender of various consumer and business related financing, loans and other similar services.

First Amended Complaint - 3

Exhibit B, Page 13

## FACTUAL ALLEGATIONS

10.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of the initial complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt owed by Plaintiff's daughter.

11.     On or about April 23, 2012, Defendant called Plaintiff and asked to speak to his daughter, Tiffany Bohlke. In response, Plaintiff reminded Defendant that he had previously requested Defendant to cease all communications with him; Plaintiff made this request in the week prior to the aforementioned call. In response to Plaintiff's comments, the individual calling on behalf of Defendant began arguing with Plaintiff, so Plaintiff again asked her to stop calling him in the future and ended the call.

12.     Plaintiff is informed and believes Defendant called him from (877) 838 -5347, at approximately 6:05 p.m.

13.     §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

14.     Defendant contacted and communicated with Plaintiff in regards to an attempt to collect an alleged debt owed.  During this process, Defendant contacted Plaintiff via telephone. Defendant recorded the calls, wherein it was attempting to collect a debt allegedly owed by Plaintiff's daughter, without informing Plaintiff.  At no time did Plaintiff ever provide actual or constructive consent to Defendant to record the telephone calls.

15.     Defendant recorded the calls with Plaintiff without receiving consent from

First Amended Complaint - 4

Plaintiff. It is Banks' pattern and practice to record outgoing calls, which are about individuals' finances and debt, made to California and throughout the United States without informing the individuals that the confidential communications are being recorded. Plaintiff was unaware that the phone calls Bank made to him in California, allegedly to collect a debt, were recorded. There was no pre-call recorded message. The Bank representatives never informed Plaintiff that the calls were being recorded.

16. It is Defendant's pattern and practice to record outgoing calls made to California residents. The calls are about individuals' finances and debt. Defendant does not inform, or warn, the California residents, including Plaintiff, that the telephone calls may be or will be recorded. Plaintiff was unaware that the phone calls Defendant made to him in California, allegedly to collect a debt, were recorded. There was no pre-call recorded message. The Defendant's representatives never informed Plaintiff that the calls were being recorded.

17. Plaintiff did not learn that Defendant recorded the phone calls it made in attempting to collected an alleged debt from Plaintiff, until September of 2012.

### ACCRUAL OF RIGHT TO PRIVACY CLAIMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT

18. Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording the phone calls it made to Plaintiff and members of the California Class without their knowledge or consent.

19. Defendant concealed from Plaintiff and members of the California Class that it was recording the telephone calls between itself on the one hand and Plaintiff or other members of the California Class on the other hand.

20. Defendant concealed the fact that it was recording the afore-mentioned phone calls to create the false impression in the minds of Plaintiff and members of the California

First Amended Complaint - 5

Class that they were not being recorded. At the outset of the phone calls there was no warning that the phone calls were, or even may, be recorded. Such warnings are ubiquitous today.

21. Plaintiff was justified in not bringing the claim earlier based on Defendant's failure to inform Plaintiff and other members of the California Class that the phone calls were being recorded.

## CLASS ALLEGATIONS

22. Plaintiff brings this action pursuant to Code of Civil Procedure section 382 and/or other applicable law on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter the "California Class") defined as follows:

> All persons in California whose telephone conversations with Defendant were recorded by Defendant without their consent to the recording of their conversations.

23. Specifically excluded from the proposed California Class are Defendant; any entities in which Defendant has a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendant. The California Class' claims are based on Cal. Penal Code. §632, *et seq.*

24. This action is brought and may be properly maintained as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

25. The California Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the California Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the California Class includes thousands of members. Plaintiff alleges that the California Class members may be

First Amended Complaint - 6

ascertained by the records maintained by Defendant.

26.     Common questions of fact and law exist as to all members of the California Class which predominate over any questions affecting only individual members of the California Class.   These common legal and factual questions, which do not vary between California Class members, and which may be determined without reference to the individual circumstances of any California Class members, include, but are not limited to, the following:

a.     Whether Defendant intentionally recorded telephone conversations between its representatives and California Class members;

b.     Whether Defendant obtained consent from all parties to record telephone conversations between its representatives and California Class members;

c.     Whether the telephone conversations between Defendant's representatives and California Class members were confidential communications;

d.     Whether Defendant's conduct described herein violated California's Invasion of Privacy Laws and Constitutional Right to Privacy;

e.     Whether Defendant's conduct described herein was negligent; and

f.     The nature and extent of damages and other remedies to which the conduct of Defendant entitles the California Class members.

27.     Plaintiff's claims are typical of the claims of members of the California Class. Plaintiff and all members of the California Class have sustained injury and are facing irreparable harm arising out of Defendant's same common course of conduct as complained of herein.

28.     Plaintiff will fairly and adequately protect the interests of the members of the California Class.   Plaintiff has retained attorneys experienced in the prosecution of class

actions.

29.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all California Class members is impracticable. Even if every California Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each California Class member.

30.     The prosecution of separate actions by thousands of individual California Class members would also create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice which Defendant must provide to all California Class members prior to recording telephone calls.

31.     The prosecution of separate actions by individual California Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other California Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party California Class members to protect their interests.

32.     Defendant has acted or refused to act in respects generally applicable to the California Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

### FIRST CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S INVASION OF PRIVACY LAWS,
### CALIFORNIA PENAL CODE § 632

(By Plaintiff and the California Class Against All Defendants)

33.     Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

34.     California Penal Code §632 prohibits the intentional eavesdropping or recording by means of an electronic amplifying or recording device, of confidential telephonic communications without the consent of all parties to the communication.

35.     Plaintiff is informed and believes and thereon alleges that Defendant violated and continues to violate California Penal Code § 632 by recording confidential telephonic communications between its representatives and California Class members without obtaining their consent.

36.     Pursuant to California Penal Code § 632, the telephonic conversations between Defendant's representatives and California Class members are "confidential" because they are carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confided to the parties thereto.

37.     As a direct and proximate result of Defendant's violations of California Penal Code § 632, Plaintiff and the members of the California Class have suffered injury, and may recover from Defendant five thousand dollars ($5,000.00) for each violation of California Penal Code § 632 pursuant to California Penal Code § 637.2(a).

38.     The violations of California Penal Code § 632 described herein present a continuing threat to members of the California Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Plaintiff is informed and believes and thereon alleges that Defendant's conduct will continue to

First Amended Complaint - 9

cause irreparable injury to the California Class unless enjoined or restrained pursuant to Penal Code § 637.2(a).

### SECOND CAUSE OF ACTION
### VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
(By Plaintiff, Individually, Against Defendant)

39.     Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

40.     Further, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. (Cal Civ Code §1788.17).

41.     Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

    b) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

    c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d).

42.     As a result of the above violations of the RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, individually and on behalf of all others similarly situated, Plaintiff prays for the following relief:

### Class Claims

1.     Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and The Class members the following relief against Defendants, and each of them:

First Amended Complaint - 10

1. That this action be certified as a class action on behalf of The Class and Plaintiffs be appointed as the representative of The Class;

2. For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiffs and each member of The Class;

3. Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiffs and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

4. That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiffs and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiffs and The Class;

5. For general damages according to proof;

6. For special damages according to proof;

7. For exemplary or punitive damages;

8. For costs of suit;

9. For prejudgment interest at the legal rate; and

For such further relief as this Court deems necessary, just, and proper.     <u>Individual</u>

<u>Claims</u>

8. Actual damages;

9. Statutory damages;

10. Costs and reasonable attorney's fees; and

11. Such other and further relief as may be just and proper.

First Amended Complaint - 11

1

## DEMAND FOR JURY TRIAL

2

Plaintiff demands a trial by jury of each and every claim so triable.

3

4

5   Dated:  September 28, 2012          LAW OFFICES OF TODD M. FRIEDMAN, P.C.

6

7

8                                       Todd M. Friedman
                                        Attorneys for Plaintiff, Robert Bohlke
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Complaint - 12

Exhibit B, Page 22

# EXHIBIT "C"

AMENDED SUMMONS
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

U.S. BANK, N.A., AND DOES 1-100



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
SUPERIOR COURT
FILED

SEP 2 8 2012

MICHAEL D. PLANET
Executive Officer and Clerk

By _____ Deputy

ERIN PATTERSON

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT BOHLKE, individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Ventura | CASE NUMBER: *(Número del Caso):* 56-2012-00421222-CL-NP-VTA |

800 South Victoria Avenue
Ventura, CA 93009

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

DATE: SEP 2 0 2012   MICHAEL PLANET   Clerk, by _____ Deputy
*(Fecha)*           *(Secretario)*              *(Adjunto)*

ERIN PATTERSON

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify)*:

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit C, Page 23

# EXHIBIT "D"

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Todd M. Friedman, Esq. SBN 216752<br>Law offices of Todd M. Friedman, Esq.<br>369 S. Doheny Dr., #415<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: 877-206-4741   FAX NO. *(Optional):* 866-633-0228<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Robert Bohlke | FOR COURT USE ONLY<br>VENTURA<br>SUPERIOR COURT<br>FILED<br>OCT 18 2012<br>MICHAEL D. PLANET<br>BY _____ and Clerk<br>_____ Deputy<br>MARTHA MCLAUGHLIN |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Ventura |
|---|
| STREET ADDRESS: 800 South Victoria Ave.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Ventura, 93009<br>BRANCH NAME: |

| PLAINTIFF/PETITIONER: Robert Bohlke | CASE NUMBER:<br>56-2012-00421222-CL-NP-VTA |
|---|---|
| DEFENDANT/RESPONDENT: U.S. Bank, National Association | |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>L12032725A |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* First Amended Complaint, Notice of CMC

3. a. Party served *(specify name of party as shown on documents served):*
   
   U.S. Bank, National Association

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   
   Darla Lehman, Authorized to Accept Service

4. Address where the party was served:
   800 Nicollet Mall, Minneapolis, MN 55402

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 10/9/2012   (2) at *(time):*   12:03 p.m.
   b. ☐ by substituted service. On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

Exhibit D. Page 24

| PLAINTIFF/PETITIONER: Robert Bohlke | 56-2012-00421222-CL-NP-VTA |
|---|---|
| DEFENDANT/RESPONDENT: U.S. Bank, National Association | |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*          (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* U.S. Bank National Association
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)    ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)    ☐ 415.46 (occupant)
                         ☐ other:

7. **Person who served papers**
  a. Name: Tina Strandberg
  b. Address: 1890 Evans Ave N, # 100, Golden Valley, Mn 55427
  c. Telephone number: 612 333 0393
  d. The fee for service was: $
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 10/9/2012         *Tina Strandko*

**PROOF OF SERVICE OF SUMMONS**

Exhibit D, Page 25

Lawgistic Partners, LLC
1000 Boone Ave N. Suite 100
Golden Valley, MN 55427
612.333.0393

STATE OF California

COUNTY OF District

CASE NO. 56–2012–00421222–CL–NP–VTA

Robert Bohlke,
          Plaintiff(s),

vs.

U.S. Bank, N.A., and DOES 1–100,
          Defendant(s),

**AFFIDAVIT OF SERVICE**

STATE OF MINNESOTA       }
COUNTY OF HENNEPIN    } ss.

I, Tina Strandberg, depose and say that:

On 10/09/2012 at 12:03 PM, I served the within Amended and First Amended Complaint on US Bank National Association at 800 Nicollett Mall , Minneapolis, MN 55402 in the manner indicated below:

By delivering a true copy of this process to A FEMALE, Authorized Agent of the above named corporation/business entity and informing him/her of the contents.

Description: Sex: FEMALE Skin: CAUCASIAN Hair: BLONDE Age: 23–35 Height: 5'7"

Under penalty of perjury I declare that I have read the foregoing Affidavit of Service and that the facts stated in it are true.

Subscribed and sworn to before me on
this _____ day of _____, 20__

_____
Notary Public

x _____
Tina Strandberg, Affiant
Job Number: 224949
Client File: Friedman Law
Printed on 10/09/2012

RAYNA MEIER
Notary Public
State of Minnesota
My Commission Expires
January 31, 2016

*224949*

Exhibit D, Page 26

# EXHIBIT "E"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752, Darin Shaw, Esq. SBN 251037<br>Law Offices of Todd M. Friedman<br>369 S. Doheny Dr. #415<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, Robert Bohlke | VENTURA<br>SUPERIOR COURT<br>FILED<br><br>JUL 2 3 2012<br><br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>BY: _____, Deputy<br>M. Ochoa |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Ventura
STREET ADDRESS: 800 South Victoria Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Ventura, CA 93009
BRANCH NAME:

CASE NAME:
Robert Bohlke and Terry Bohlke v. U.S. Bank, N.A.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 56-2012-00421222-CL-NP-VTA |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

**2.** This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
**4.** Number of causes of action *(specify):* 1
**5.** This case ☐ is ☑ is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 19, 2012
Todd M. Friedman
_____ (TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
 Product Liability *(not asbestos or
   toxic/environmental)* (24)
 Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
 Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
   Practice (07)
 Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
 Defamation (e.g., slander, libel)
   (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
       or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
 Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
 Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
   Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
     domain, landlord/tenant, or
     foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
 Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-
     domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
   Governance (21)
 Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

# EXHIBIT "F"

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

U.S. BANK, N.A.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT BOHLKE

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

VENTURA
SUPERIOR COURT
**FILED**

JUL 2 3 2012

MICHAEL D. PLANET
Executive Officer and Clerk

BY: _____, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Ventura

CASE NUMBER: 56-2012-00421222-CL-NP-VTA

800 South Victoria Avenue
Ventura, CA 93009

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

DATE: JUL 2 3 2012        MICHAEL D. PLANET        _____ M. Ochoa        , Deputy
*(Fecha)*        Clerk, by        *(Adjunto)*
*(Secretario)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT "G"

POS-010

| | |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law offices of Todd M. Friedman, Esq.<br>369 S. Doheny Dr., #415<br>Beverly Hills, CA 90211<br>    877-206-4741      866-633-0228<br><br>Plaintiff, Robert Bohlke<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF Ventura<br>800 South Victoria Ave.<br><br>Ventura, 93009 | VENTURA<br>SUPERIOR COURT<br>**FILED**<br><br>AUG 2 2 2012<br><br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>BY: _____ , Deputy<br>A. HERRERA |
| PLAINTIFF/PETITIONER: Robert Bohlke<br><br>DEFENDANT/RESPONDENT: U.S. Bank, National Association | 56-2012-00421222-CL-NP-VTA |
| **PROOF OF SERVICE OF SUMMONS** | L12032725A |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
   **U.S. Bank, National Association**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Katie Chenex, Authorized to Accept

4. Address where the party was served:
   800 Nicollet Mall, Minneapolis, MN 55402

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 8/7/2012  (2) at *(time):* 1:30 pm
   b. ☐ by substituted service. On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

       (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

**PROOF OF SERVICE OF SUMMONS**

Exhibit G, Page 30

| PLAINTIFF/PETITIONER: Robert Bohlke | 56-2012-00421222-CL-NP-VTA |
|---|---|
| DEFENDANT/RESPONDENT: U.S. Bank, National Association | |

5.  c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid.

  (1) on *(date):*          (2) from *(city):*

  (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)*

  (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ by other means *(specify means of service and authorizing code section):*

  ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*  U.S. Bank National Association
     under the following Code of Civil Procedure section:

  ☑ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
  ☐ 416.20 (defunct corporation)   ☐ 416.60 (minor)
  ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
  ☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
  ☐ 416.50 (public entity)       ☐ 415.46 (occupant)
                                   ☐ other:

7.  Person who served papers
  a. Name: Tina Strandberg
  b. Address: 401 N 3rd St Mpls, Mn 55401
  c. Telephone number: 612 333 6363
  d. The fee for service was: $ 55.00
  e. I am:
   (1) ☑ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 8/13/12

Tina Strandberg

**PROOF OF SERVICE OF SUMMONS**

Exhibit G, Page 31

# EXHIBIT "H"

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF VENTURA

800 South Victoria Avenue
Ventura , CA 93009
(805) 654-2609

## NOTICE OF CASE ASSIGNMENT

Case Number: 56-2012-00421222-CL-NP-VTA

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this Notice of Case Assignment must be served on all named defendants/respondents with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Frederick Bysshe | Ventura | 41 |
| EVENT TYPE | | |
| | | |
| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
| | | |

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Court calendars vary from courtroom to courtroom. You may contact the clerk's office for more information when you need to schedule a hearing before the judicial officer.

**Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Per Local Rule 15.03, all ex parte documents must be filed in the courthouse where the ex parte application shall be heard.

**Noticed Motions**

Contact the clerk's office to reserve a date for a law and motion matter. Per Local Rule 3.19, all law and motion documents must be filed in the courthouse where the motion shall be heard.

**Other Information**

You can visit the court's website at www.ventura.courts.ca.gov for public access to non-confidential case information, local rules and forms, and other court information.

Clerk of the Court,

Date: 07/24/2012

By: _M. Ochoa_

Maria Ochoa, Clerk

VEN-FNR053

NOTICE OF CASE ASSIGNMENT

# EXHIBIT "I"

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA<br>STREET ADDRESS: 800 South Victoria Avenue<br>MAILING ADDRESS: 800 South Victoria Avenue<br>CITY AND ZIP CODE: Ventura, CA 93009<br>BRANCH NAME: Ventura | *FOR COURT USE ONLY*<br>**VENTURA SUPERIOR COURT**<br># FILED<br>Michael D. Planet<br>Executive Officer and Clerk |
|---|---|
| PLAINTIFF/ PETITIONER: Robert Bohlke<br>DEFENDANT/ RESPONDENT:U.S Bank N.A. | |
| Bohlke vs. U.S Bank N.A. | |
| In re the ☐ Conservatorship ☐ Guardianship ☐ Estate ☐ Trust of; | **10/01/2012** |
| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>56-2012-00421222-CL-NP-VTA |

TO ALL PARTIES AND/OR COUNSEL OF THE ABOVE ENTITLED CASE:

Please take notice that a(n) CMC: Service of Amended Complaint - file Proof of Service on Amended Complaint of Bohlke as to named defendant has been scheduled for on 11/05/2012 at 08:30 AM in Department 22B of this court located in the Ventura at 800 South Victoria Avenue Ventura, CA 93009.

Court records reflect that service as to the Amended Complaint; has not been effected on the above case.

You MUST file the Proof of Service and/or Affidavit of Publication and Order for Publication as to ALL defendants at least 5 CALENDAR DAYS PRIOR to the hearing.

Court Rule 3.17: Failure of the parties to comply with these rules, submit any form or report required by these rules or to appear at any case management conference or any other scheduled event may result in the case being dismissed or sanctions imposed as authorized by statute or local rule.

To determine if the hearing has been taken off calendar or if an appearance is MANDATORY, call:

Ventura:     (805) 654-2609

Tentative Rulings may be accessed from the Court website at www.ventura.courts.ca.gov

See California Rules of Court Rule 3.670 regarding telephonic appearances. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Clerk of the Court,

Dated: 10/01/2012

By: _M. Soto_____

Marisela Soto, Clerk

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Exhibit I, Page 33

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Bohlke vs. U.S Bank N.A. | 56-2012-00421222-CL-NP-VTA |

### CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF CASE MANAGEMENT CONFERENCE was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Ventura, California, on 10/02/2012.

Clerk of the Court,

By: _____

Marisela Soto, Clerk

TODD M FRIEDMAN
369 S DOHENY DRIVE # 415
BEVERLY HILLS, CA 90211

VEN-FNR068

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Exhibit I, Page 34

EXHIBIT "J"

1 | **DLA PIPER LLP (US)**
PERRIE M. WEINER (SBN 134146)
2 | perrie.weiner@dlapiper.com
EDWARD D. TOTINO (SBN 169237)
3 | edward.totino@dlapiper.com
GRANT P. ALEXANDER (SBN 228446)
4 | grant.alexander@dlapiper.com
MONICA N. DOURNAEE (SBN 268109)
5 | monica.dournaee@dlapiper.com
2000 Avenue of the Stars, Suite 400 North Tower
6 | Los Angeles, California  90067-4704
Tel:  310.595.3000
7 | Fax:  310.595.3300

8 | Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

9 |

10 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 | **FOR THE COUNTY OF VENTURA**

12 |

13 | ROBERT BOHLKE, individually and on behalf of all others similarly situated,

CASE NO.  56-2012-00421222-CL-NP-VTA

14 | Plaintiff,

**NOTICE TO THE CLERK OF THE SUPERIOR COURT OF REMOVAL TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

15 | v.

16 | U.S. BANK, N.A., AND DOES 1-100,

17 | Defendants.

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

WEST\239320304.1

NOTICE TO THE CLERK OF THE SUPERIOR COURT
OF REMOVAL TO THE U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

TO THE CLERK OF THE SUPERIOR COURT:

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United States District Court for the Central District of California on October 29, 2012, under United States District Court Case No. CV12-9247-RGK (Ex)

A true and correct copy of said Notice of Removal (without exhibits) is attached to this Notice, and is filed and served herewith as Exhibit A.

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. sections 1332, 1441, and 1446, the filing of the Notice of Removal in the United States District Court for the Central District of California, together with the instant filing of a copy of same with this Court effectuates the removal of this action, and this Court may not proceed further, unless and until the case is remanded.

Dated: October 29, 2012                    DLA PIPER LLP (US)


By _____
PERRIE M. WEINER
EDWARD D. TOTINO
GRANT P. ALEXANDER
MONICA N. DOURNAEE
Attorneys for Defendant

1   PERRIE M. WEINER (SBN 134146)
    perrie.weiner@dlapiper.com
2   EDWARD D. TOTINO (SBN 169237)
    edward.totino@dlapiper.com
3   GRANT P. ALEXANDER (SBN 228446)
    grant.alexander@dlapiper.com
4   MONICA N. DOURNAEE (SBN 268109)
    monica.dournaee@dlapiper.com
5   **DLA PIPER LLP (US)**
    2000 Avenue of the Stars, Suite 400, North Tower
6   Los Angeles, CA  90067-6023
    Telephone:  310.595.3000
7   Facsimile: 310.595.3300

8   Attorneys for Defendant
    U.S. BANK NATIONAL ASSOCATION

9

10

11              **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13

14   ROBERT BOHLKE, individually and      CASE NO.  CV12-9247-RGK (Ex)
     on behalf of all others similarly
15   situated,                            **DEFENDANT'S NOTICE OF
                                          REMOVAL OF ACTION**
16                  Plaintiff,            **(28 U.S.C. § 1332(d), 1441, 1446, and
                                          1453)**
17          v.

18   U.S. BANK, N.A., AND DOES 1-100,

19                  Defendants.

20

21

22

23

24

25

26

27                  <u>**EXHIBIT A**</u>

28

DLA PIPER LLP (US)
   LOS ANGELES          U.S. BANK NATIONAL ASSOCIATION'S NOTICE OF REMOVAL OF ACTION

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFFS:

PLEASE TAKE NOTICE that Defendant U.S. Bank National Association ("Defendant") hereby removes to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), this action, which was originally filed in the Superior Court of California in the County of Ventura and assigned Case No. 56-2012-00421222-CL-NP-VTA. The grounds for this removal are set forth herein.

## I.    INTRODUCTION.

On or about July 23, 2012, Plaintiff Robert Bohlke ("Plaintiff") commenced an individual action in the Superior Court of the State of California for the County of Ventura, entitled *Robert Bohlke v. U.S. Bank, N.A.*, as Case No. 56-2012-00421222-CL-NP-VTA, for violation of California's Rosenthal Fair Debt Collection Practices Act, California Civil Code sections 1692b through 1692j. A copy of the Complaint is attached hereto as Exhibit "A." On or about October 9, 2012, Plaintiff served on Defendant a First Amended Complaint ("FAC") alleging on behalf of a putative class a cause of action for unlawful recording of telephone calls in violation of California Penal Code § 632, and seeking statutory damages of $5,000 "per violation" under California Penal Code § 637.2 (hereafter, the "State Court Action"). A copy of the FAC is attached hereto as Exhibit "B." This was the first complaint served on defendant in the action that asserted as class action. The original complaint included only an individual claim.

## II.    THIS COURT HAS JURISDICTION UNDER CAFA.

Defendant removes the State Court Action pursuant to CAFA, codified under 28 U.S.C. § 1332(d). CAFA provides this Court with original jurisdiction of this action and permits Defendant to remove the State Court Action from the California state court to this Court.

1    CAFA vests district courts with original jurisdiction over class actions when
2    the aggregate amount in controversy for all putative class members exceeds $5
3    million (exclusive of interest and costs) and when any member of the putative class
4    of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C.
5    § 1332(d)(2). These requirements are satisfied in this action, as set forth below.
6         Neither the permissive nor mandatory provisions of CAFA for declining
7    original jurisdiction are applicable to this action. Accordingly, as discussed further
8    below, federal jurisdiction is mandatory under CAFA.

9    **A.    Class Action.**
10        The State Court Action is a class action as defined by CAFA. CAFA
11   provides:

12                [T]he term "class action" means any civil action filed
13                under rule 23 of the Federal Rules of Civil Procedure or
                  similar State statute or rule of judicial procedure
14                authorizing an action to be brought by 1 or more
15                representative persons as a class action.

16   28 U.S.C. § 1332(d)(1)(B).
17        Plaintiff amended his complaint in the State Court Action to include a
18   putative class action on behalf of himself and a proposed class of plaintiffs, under
19   California Code of Civil Procedure section 382. (*See* Exhibit B, ¶¶ 22-32.)
20        The California rule governing the maintenance of class actions, California
21   Code of Civil Procedure section 382, is analogous to Federal Rule of Civil
22   Procedure 23.
23        The State Court Action therefore falls within the definition of a "class action"
24   under CAFA.

25   **B.    Removal Under CAFA.**
26        CAFA provides that a class action against a non-governmental entity may be
27   removed if: (1) the number of proposed class members is not less than 100; (2) any
28

1  member of the proposed plaintiff class is a citizen of a state different from any

2  defendant; and (3) the aggregate amount in controversy exceeds $5 million,

3  excluding interests and costs. 28 U.S.C. § 1332(d), (d)(5), and § 1453(b).

### 1. Plaintiff's Proposed Class.

5  Plaintiff purports to represent a class of California individuals whose

6  "telephone conversations with Defendant were recorded without their consent."

7  (*See* Exhibit B, ¶ 22.) As set forth in the Complaint, Plaintiff alleges that he is

8  informed and believes that the class "includes thousands of members." (Exhibit B,

9  ¶ 25.) Therefore, CAFA's minimum putative class size of 100 members is

10  satisfied.

### 2. Diversity of Citizenship Under CAFA.

12  Defendant is a national banking association organized and operating under

13  the National Bank Act, pursuant to 12 U.S.C. §§ 21 *et seq.* (Declaration of Laura

14  Bednarski ("Bednarski Decl"), ¶ 2.) Defendant's charter states that its main office

15  is located in Cincinnati, Ohio. (Bednarski Decl., ¶ 2, Ex. A.) Therefore,

16  Defendant is a citizen of Ohio. *See, e.g., Wachovia Bank, N.A. v. Schmidt*, 546 U.S.

17  303, 307 (2006 ("a national bank. . . is a citizen of the State in which its main

18  office, as set forth in its articles of association, is located.")

19  Plaintiff resides in California. (Exhibit B, ¶ 5). Therefore, Plaintiff is a

20  citizen of the State of California. 28 U.S.C. § 1332(a). Also, the putative class is

21  made up of persons in California. (Exhibit B, ¶ 22.)

22  Because at least one member of the proposed class of plaintiffs is a citizen of

23  a state different from Defendant, within the meaning of 28 U.S.C. § 1332(d)(2)(A),

24  CAFA's diversity of citizenship requirement is satisfied.

25  The diversity that exists in this action not only satisfies the minimal diversity

26  of citizenship requirement under CAFA, but also precludes the applicability of

1  exceptions in 28 U.S.C. § 1332(d)(3) and (d)(4) because Defendant is not a citizen

2  of the forum state of California.

3         3.    **Amount in Controversy.**

4        CAFA's third requirement—that the aggregate amount in controversy,

5  exclusive of interest and costs, exceed $5 million—is also satisfied here.  28 U.S.C.

6  § 1332(d)(2).

7        As to damages, Plaintiffs seek to recover "the greater of statutory damages of

8  $5,000 per violation or three times actual damage per violation" (Exhibit B, Prayer,

9  ¶ 2.)  California Penal Code § 637.2 states, in relevant part, that "[a]ny person who

10  has been injured by a violation of this chapter may bring an action against the

11  person who committed the violation for the greater of the following amounts:

12  (1) Five thousand dollars ($5,000)...."  Therefore, the damages that Plaintiff seeks

13  for each member of the putative class for each telephone call recorded during the

14  putative class period referenced in the Complaint is at least $5,000.[1]

15        As set forth the Complaint, the putative class consists of "thousands" of

16  members.  (*See* Exhibit B, ¶ 25.)  Because there are alleged to be "thousands"

17  telephone calls recorded during the alleged class period, and Plaintiff seeks to

18  recover at least $5,000 per call, the amount in controversy in this action exceeds $5

19  million.  Therefore, CAFA's requirement that the aggregate amount in controversy

20  exceed $5 million is met here.

21  **III.   28 U.S.C. § 1446 REQUIREMENTS.**

22       A.    **This Notice of Removal Is Timely Filed.**

23        Defendant was served with the FAC and supporting documents on October 9,

24  2012.  This notice of removal is timely pursuant to 28 U.S.C. sections 1446(b) and

25

26  [1]    Defendant does not admit that the Complaint states a claim upon which relief

27  may be granted, or that Plaintiff or any putative class member is entitled to $5,000 per violation, much less any damages or any other relief sought in the Complaint.

28  Nor does Defendant admit that a class can be certified here.

1453(b), because it is filed within thirty (30) days after Defendant was served. A copy of the Amended Summons is attached hereto as Exhibit "C." A copy of the Proof of Service of Summons filed with the Court is attached hereto as Exhibit "D."

**B.    Procedural Requirements.**

Section 1446(a) requires a removing party to provide this Court a copy of all "process, pleadings and orders" served on it in the State Court Action. The FAC, Amended Summons, and Proof of Service of Summons are attached as Exhibits "B," "C," and "D" respectively. The Complaint, Civil Case Cover Sheet, Summons, Proof of Service of Summons, and Notice of Case Assignment are attached as Exhibits "A," "E," "F," "G," and "H" respectively. Also attached hereto as Exhibit "I" is the Notice of Case Management Conference.

Exhibits A through I constitute all of the pleadings, process, and orders in the State Court Action.

Pursuant to 28 U.S.C. section 1446(d), Defendant is filing a copy of the Notice of Removal with the Clerk of the Alameda County Superior Court and serving Plaintiffs with same. A copy of the Notice to the Superior Court (which is being served on Plaintiffs) is attached hereto as Exhibit "J".

WHEREFORE, Defendant respectfully submits that (1) CAFA applies to this action because the proposed class contains at least 100 members, (2) at least one member of the proposed class is a citizen of a state different than a Defendant's state of citizenship, (3) the aggregate amount in controversy exceeds $5 million, and (4) the procedural requirements under 28 U.S.C. § 1446 are met. For these reasons, this action is properly removed to this Court.

1    Dated:  October 29, 2012              DLA PIPER LLP (US)

2

3                                          By: _____

4                                          PERRIE M. WEINER
                                           EDWARD D. TOTINO
5                                          GRANT P. ALEXANDER
                                           MONICA N. DOURNAEE
6                                          Attorneys for Defendant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEST\239313933.1                              - 6 -

U.S. BANK NATIONAL ASSOCIATION'S NOTICE OF REMOVAL OF ACTION

Exhibit J, Page 43

1

**PROOF OF SERVICE**

2

3   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not
    a party to the within action; my business address is:  2000 Avenue of the Stars, Suite 400 North
5   Tower, Los Angeles, California 90067-4704.

6   On October 29, 2012, I served the foregoing document(s) described as:

7               **NOTICE TO THE CLERK OF THE SUPERIOR COURT**
          **OF REMOVAL TO THE UNITED STATES DISTRICT COURT,**
8                      **CENTRAL DISTRICT OF CALIFORNIA**

9   on interested parties in this action by placing ☐ the original ☒ true copy(ies) thereof enclosed in
    sealed envelopes as stated below.

10

11

12   Todd M. Friedman, Esq.                          *Attorneys for Plaintiff*
     Nicholas J. Bontrager, Esq.                     *ROBERT BOHLKE*
13   LAW OFFICES OF TODD M. FRIEDMAN, P.C.
     369 South Doheny Drive, Suite 415
     Beverly Hills, California  90211
14   Tel:   (877) 206-4741
     Fax:   (866) 633-0228
15

16   Abbas Kazerounian, Esq.                         *Attorneys for Plaintiff*
     KAZEROUNI LAW GROUP, APC                        *ROBERT BOHLKE*
17   2700 North Main Street, Suite 1000
     Santa Ana, California  92705
18   Tel:   (800) 400-6808
     Fax:   (800) 520-5523

19   Joshua B. Swigart, Esq.                         *Attorneys for Plaintiff*
     HYDE & SWIGART                                  *ROBERT BOHLKE*
20   411 Camino del Rio South, Suite 301
     San Diego, California  92108-3551
21   Tel:   (619) 233-7770
     Fax:   (619) 297-1022
22

23   ☒   **(BY MAIL)** The envelope was mailed with postage thereon fully prepaid.  As follows:
         I am "readily familiar" with the firm's practice of collection and processing
24       correspondence for mailing.  Under that practice it would be deposited with U.S. postal
         service on that same day with postage thereon fully prepaid at Los Angeles, California in
25       the ordinary course of business.  I am aware that on motion of the party served, service is
         presumed invalid if postal cancellation date or postage meter date is more than one day
26       after date of deposit for mailing in affidavit.

27   ☐   **(BY FACSIMILE)** I delivered such document by facsimile to the following persons at
         the facsimile telephone numbers listed above.

28

WEST\239186401.1

1  ☐  **(BY HAND DELIVERY)** I delivered the within documents to Legal Support Unlimited
2     for delivery to the above address(es) with instructions that such envelope be delivered
      personally on October 29, 2012 to the above named individuals.

3  ☐  **(BY OVERNIGHT MAIL)** I am readily familiar with the firm's practice of collection
      and processing correspondence for mailing with an overnight courier service.  Under that
4     practice it would be deposited with said overnight courier service on that same day with
      delivery charges thereon billed to sender's account, at Los Angeles, California in the
5     ordinary course of business.  The envelope was sealed and placed for collection and
      mailing on that date following ordinary business practices.

6
   ☒  **(STATE)** I declare under penalty of perjury under the laws of the State of California that
7     the above is true and correct.

8  ☐  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this
      court at whose direction the service was made.

9

10 Executed on October 29, 2012, at Los Angeles, California.

11 Ann Lozinski
   [Print Name Of Person Executing Proof]                    [Signature]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEST\239186401.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV12- 9247 RGK (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ROBERT BOHLKE, individually and on behalf of all others similarly situated, | U.S. BANK, N.A., and DOES 1 - 100, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Todd M Friedman, Esq. / Nicholas J. Bontrager, Esq. LAW OFFICES OF TODD M. FRIEDMAN, P.C. 369 South Doheny Drive, #415 Beverly Hills, California 90211 Tel: (877) 206-4741 / Fax: (866) 633-0228 | Perrie M. Weiner, Esq. / Edward D. Totino, Esq. / Grant P. Alexander, Esq. / Monica N. Dournaee, Esq. DLA PIPER LLP (US) 2000 Avenue of the Stars, Suite 400 North Tower Los Angeles, California 90067-4704 Tel: (310) 595-3000 / Fax: (310) 595-3300 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No ☒ MONEY DEMANDED IN COMPLAINT: $ $5 million +

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of California's Invasion of Privacy Laws (CA Penal Code § 632); violation of Rosenthal Fair Debt Collection Practices Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

| FOR OFFICE USE ONLY: | Case Number: | CV12-9247 |
|---|---|---|

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

WEST\239315363.1

American LegalNet, Inc. www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes
If yes, list case number(s): CV12 1596 SJO (RZ) (possibly related)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura, CA | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Monica Dournaee_     Date   October 29, 2012
Monica N. Dournaee

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com